IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RENEE NOLL BAUMGARDNER, et al.   :   CIVIL ACTION
                                 :
        v.                       :
                                 :
WYETH PHARMACEUTICALS            :   No. 05-05720-JF

MEMORANDUM AND ORDER

Fullam, Sr. J.                                      May 11, 2006

   This case presents several procedural anomalies and incongruities. There are 10 sets of plaintiffs, none of whom reside in Pennsylvania. The only thing they have in common (other than being represented by the same law firm) is that they or the decedents whom they represent allegedly suffered severe adverse consequences from ingestion of a prescription drug "Effexor" or "Effexor XR" manufactured by the defendant, Wyeth Pharmaceuticals, which is located in this district. The claims of all of the plaintiffs are set forth in a single complaint, which contains 66 paragraphs, set forth on 26 pages. In utter disregard of the requirements of Fed. R. Civ. P. 8(a)(2) ("a short and plain statement of the claim"), this complaint is principally devoted to a recitation of evidence seemingly derived from expert opinions and/or technical publications, and would pass muster as an appellate brief.

   On a more mundane level, the only named defendant, Wyeth Pharmaceuticals, is not a suable entity; rather, as the complaint alleges, it is alleged to be "an unincorporated

division of the corporation known simply as 'Wyeth.'"  (See Complaint at ¶ 13).

Counsel for the defendant has filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).  Alternatively, the defendant contends that the claims of the 10 sets of plaintiffs should be severed, and transferred to the various districts where the plaintiffs reside.  Defense counsel has not addressed the non-compliance with Rule 8 or the non-suability of the named defendant, but contends merely that the complaint embodies 10 separate claims which are improperly joined, and therefore should either be dismissed, or severed and tried separately elsewhere.

At oral argument on the pending motion, plaintiffs' counsel virtually conceded that the 10 cases could not be tried to conclusion in this district: each case would, to a considerable extent, involve distinct facts, and the application of the different laws of the various states.  Rather, plaintiffs' counsel insists (1) that the cases should remain in this district for consolidated pretrial discovery; and (2) that there is one common issue (whether the defendant's drug <u>can</u> cause the adverse consequences experienced by the plaintiffs) which should be tried here.  This is an issue which would require expert testimony on both sides, the expense of which, plaintiffs contend, should only be incurred once.  Defense counsel is willing to have the cases

remain in this district for consolidated pretrial discovery, but remains convinced that the cases must be tried separately.

I have reached the following tentative conclusions:

1. There really are 10 separate cases. If plaintiffs wish to proceed in this court, each set of plaintiffs must pay the appropriate filing fee. The cases will therefore be severed from each other, to the extent set forth below.

2. The defendant shall hereafter be referred to as "Wyeth, d/b/a Wyeth Pharmaceuticals."

3. The cases shall be deemed to have been consolidated for purposes of pretrial discovery which is either common to all these cases or, if applicable only to individual cases, may conveniently be conducted in this district.

4. Since eventual transfers to other districts are likely, the claims of each set of plaintiffs should be set forth in a separate document, and receive a separate sub-file number (e.g., 5720(1), (2), etc.).

5. Decision as to whether any alleged common issue can properly be tried in this district will be deferred until completion of discovery in this district.

An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RENEE NOLL BAUMGARDNER, et al.    :      CIVIL ACTION
                                  :
          v.                      :
                                  :
WYETH PHARMACEUTICALS             :      No. 05-05720-JF
```

ORDER

AND NOW, this 11th day of May 2006, upon consideration of defendant's motion to dismiss, IT IS ORDERED:

1.  The defendant shall hereafter be referred to in these actions as "Wyeth, d/b/a Wyeth Pharmaceuticals," or "Wyeth."

2.  Each set of plaintiffs shall file an amended complaint which (a) complies with Fed. R. Civ. P. 8, and (b) bears a separate sub-file number.  All of these complaints will be deemed consolidated within C.A. 05-05720.

3.  Each set of plaintiffs shall pay the required filing fee.

4.  All of these cases are consolidated for purposes of pretrial discovery.

5.  Decision as to whether one or more issues can properly be resolved in a single trial, whether one or more trials should take place in this district, etc., will await further development of the record.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.